[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Irving Avrick and Marion Avrick (individually and as trustees of the Marion L. Avrick Revocable Trust), Kenneth Brown, Irwin R. Karassik and Harriet P. Karassik, appeal from a decision of the defendant, the Norwalk Zoning Board of Appeals (ZBA). In that decision, the ZBA granted the defendant, Erica Lee Development L.L.C.'s, application for a variance from the Norwalk zoning regulations. Specifically, the ZBA varied a certain property's zoning designation from an "AAA residence zone" to a "C residence zone "
At the appeal hearing, this court found that the plaintiffs have pleaded and proven that they are aggrieved and have standing to maintain the instant appeal. See Winchester Woods Associatesv. Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991); Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 283, 487 A.2d 559 (1985). The court also finds that the defendants were timely served in the manner proscribed by statute. See General Statutes § 8-8.
The relevant background facts regarding this matter are as follows: This dispute originated in 1989 when a conforming four lot subdivision of the subject property was approved by stipulation. At that time, the property was located in a "C residence zone." In 1991, the Norwalk Zoning Commission, with knowledge of the existence of the subdivided property, rezoned the area in which the property was located to a "AAA residence zone" This rezoning rendered the subdivided lots unusable.[1] The property has remained unimproved ever since the 1989 subdivision approval.
The plaintiffs argue that the decision of the ZBA to grant CT Page 4199 the defendant's variance should be overturned based on the following four reasons "1) the 1989 subdivision of the subject premises . . . expired pursuant to [General Statutes §] 8-26c(d); 2) the nonconforming subdivision lots, held in single ownership, have merged to be considered an undivided parcel pursuant to Section 118-800(E)(2) of the Regulations; 3) the defendant applicant [has] failed to demonstrate exceptional difficulty or unusual hardship especially affecting the property, but not affecting generally the district in which the property is situated; and 4) the granting of the variance is not in harmony with the general purpose and intent of the Regulations and was not made with due consideration for conserving the public health, safety, convenience, welfare and property values."
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established" Bloomv. Zoning Board of Appeals. 233 Conn. 198, 205, 658 A.2d 559
(1995)
The trial court must determine whether the board's action was "arbitrary, illegal or an abuse of discretion." Id., 205-06. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing[.]" (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, supra, 233 Conn. 206. "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Id. "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id.
The record reveals that the ZBA held two extensive hearings regarding this matter. The court has reviewed the transcript of the hearings held on March 6, 1997 and March 20, 1997. There, the ZBA heard argument regarding all of the concerns asserted by the plaintiffs here. At the executive session following the hearing the chairperson stated: "I think we have no choice but to approve this. They need the variances, the hardships are obvious." The ZBA chairperson further stated that: "the applicant has demonstrated that the subdivision is still existing and these properties are valid and that the hardship is that the lots would be virtually undevelopable in any way shape or form without these variances." CT Page 4200
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." Bloom v. Zoning Board of Appeals, supra, 233 Conn. 208.
In the present case, even if the court were to agree with all of the plaintiffs' arguments, would be inappropriate for the court to overturn the board's ruling. "Our law governing variances is well settled. Section 8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . .'" (Emphasis deleted.) Reid v. Zoning Board ofAppeals, supra, 235 Conn. 856-57, quoting General Statutes §8-6 (a)(3).
General Statutes § 8-6 authorizes "a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan."(Internal quotation marks omitted.)Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207.
A zoning board of appeals "is endowed with a liberal discretion." Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994). The court reviews the board's actions "only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the CT Page 4201 contentions of the applicant." (Internal quotation marks omitted.) Id.
In the present case, there is a plethora of factual support for the board's decision. First, the defendant demonstrated to the board that the land would be unusable without the variance. "A hardship resulting from. . . . a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship. . . ." Plumb v. Board ofZoning Appeals, 141 Conn. 595, 600, 108 A.2d 899 (1954). The defendant also demonstrated that even without a variance and without subdividing the plots, the merged property would still be unusable.
The record also reflects that the planning commission failed to file requisite notice that the subdivision plans had expired. Therefore, the plaintiffs' concern regarding the validity of the subdivision is unfounded.[2] And, there is sufficient evidence in the record to indicate that the variance conforms the subject property to the zoning regulations which currently exist directly across the street from the subject property. Hence, the "comprehensive zoning plan" remains unaffected.
Recalling, once again, that "decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing"; (Internal quotation marks omitted) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206; the court is satisfied that the board exercised honest judgment after a full hearing. Further, the board's decision is well supported by the record. As such, the plaintiffs' appeal is dismissed.
KARAZIN, J.