WILLIAM R. FRANCINI *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF OLD LYME
(14685)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

786

Argued October 28, 1993—decision released March 29, 1994

*Thomas F. McGarry,* for the appellant (plaintiff).

*David M. Royston,* for the appellee (defendant).

PALMER, J. This is a landowner's appeal challenging the validity of the denial of his application for a variance. The plaintiff, William R. Francini, applied to the defendant, the zoning board of appeals of the town of Old Lyme, for a variance from the zoning regulations governing minimum lot area. After a hearing, the board

denied the plaintiff's application, and he appealed the board's decision to the Superior Court pursuant to General Statutes § 8-8 (b).[1] The trial court dismissed the plaintiff's appeal, thus upholding the board's denial of the variance. Upon the granting of certification by the Appellate Court, we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the trial court's judgment.

The plaintiff is the owner of an 8000 square foot vacant lot at 28 Prospect Street, Old Lyme. The lot is located in an R-10 residential zone, where building lots must be a minimum of 10,000 square feet. On April 9, 1991, the plaintiff submitted an application to the board seeking a variance from the zoning regulations in order to construct a year round single family dwelling on his lot. Following a hearing on May 21, 1991, the board denied the plaintiff's application on the grounds that: (1) there are other uses for the property; (2) the claimed hardship is not unique; (3) the plaintiff created the hardship; (4) the plaintiff did not demonstrate a sufficient hardship; and (5) the requested variance would not be within the plan of zoning.

On appeal to the trial court, the plaintiff claimed, inter alia, that: (1) a variance is not required because his plan to build a year round dwelling on the property constitutes a valid nonconforming use; (2) the board improperly determined that the hardship was not unusual or unique; and (3) the denial of the variance amounted to a taking of his property without just com-

---

[1] General Statutes § 8-8 (b) provides in pertinent part: "[A]ny person aggrieved by any decision of a [zoning board of appeals] may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced . . . within fifteen days from the date that notice of the decision was published as required by the general statutes. The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court."

pensation in violation of article first, § 11, of the Connecticut constitution.[2] The trial court concluded that the plaintiff's plan to construct a year round dwelling on the property did not constitute a nonconforming use, and upheld the board's denial of the variance on the ground that the record of the proceedings before the board supported its conclusion that the hardship was not unusual or unique.[3] The trial court also concluded that the denial of the application did not constitute a taking under article first, § 11, of the state constitution because the plaintiff had purchased the property at a "minimal price"[4] with the knowledge that the town's zoning regulations prohibited construction of a year round dwelling on the property.

On appeal to this court, the plaintiff claims that the trial court improperly concluded that: (1) the plaintiff's plan to build a year round dwelling on the property does not constitute a nonconforming use; (2) the plaintiff's hardship is not unusual or unique; and (3) the board's denial of the variance did not result in an unconstitutional taking. We disagree.

I

The plaintiff first claims that his plan to construct a year round dwelling on the property constitutes a non-

---

[2] Article first, § 11, of the Connecticut constitution provides: "The property of no person shall be taken for public use, without just compensation therefor."

[3] The trial court, however, rejected the board's determination that the plaintiff had created the hardship, concluding that the plaintiff's purchase of the property subsequent to the enactment of the zoning regulations prohibiting construction on lots under ten thousand square feet did not bar him from seeking a variance. See *Johnny Cake, Inc.* v. *Zoning Board of Appeals,* 180 Conn. 296, 300, 429 A.2d 883 (1980). The trial court also concluded that because the zoning regulations did not distinguish between seasonal and year round dwellings, the board had improperly determined that the seasonal use of the property was an alternative use available to the plaintiff. See part III.

[4] The plaintiff had purchased the property in 1985 for $18,000.

conforming use, for which a variance is not required, because such a dwelling could have been constructed on the property prior to the enactment of the zoning regulations.[5] This claim is without merit.

"A non-conforming use is merely an 'existing use' the continuance of which is authorized by the zoning regulations." *Melody* v. *Zoning Board of Appeals,* 158 Conn. 516, 519, 264 A.2d 572 (1969); *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals,* 218 Conn. 265, 272, 588 A.2d 1372 (1991). Such a use is permitted because its existence predates the adoption of the zoning regulations. *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 710, 535 A.2d 799 (1988). It is well established that "[t]o be a nonconforming use the use must be actual. It is not enough that it be a contemplated use [or] that the property was bought for the particular use. The property must be so utilized as to be irrevocably committed to that use." (Internal quotation marks omitted.) *Lebanon* v. *Woods,* 153 Conn. 182, 197, 215 A.2d 112 (1965); see also *Helicopter Associates, Inc.* v. *Stamford,* 201 Conn. 700, 713, 519 A.2d 49 (1986); *Corsino* v. *Grover,* 148 Conn. 299, 308, 170 A.2d 267 (1961). The plaintiff bears the burden of proving the existence of a nonconforming use. *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals,* supra, 218 Conn. 272.

It is conceded that the property has been maintained not as a year round dwelling, but, rather, as a vacant lot. Neither the fact that a year round dwelling might lawfully have been built on the property prior to the enactment of the town's zoning regulations, nor the fact that the plaintiff may have purchased the lot with the intent to construct a year round home, makes the use of the property nonconforming. Because the use of the property as a year round dwelling was contem-

---

[5] The zoning regulations of the town of Old Lyme were enacted in 1957.

plated rather than actual, the trial court properly concluded that the plaintiff failed to demonstrate the existence of a nonconforming use.

## II

The plaintiff next contends that the trial court improperly upheld the board's determination that the hardship resulting from the application of the zoning regulations to his property was not unusual or unique. We disagree.

The authority of a zoning board of appeals to grant a variance under General Statutes § 8-6 (3)[6] "requires the fulfillment of two conditions: '(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.' *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 326, 387 A.2d 542 (1978)." *Grillo* v. *Zoning Board of Appeals,* 206 Conn. 362, 368, 537 A.2d 1030 (1988). "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district . . . ." *Smith* v. *Zoning Board of Appeals,* supra, 327; *Grillo* v. *Zoning Board of Appeals,* supra, 373.

---

[6] General Statutes § 8-6 provides in relevant part: "POWERS AND DUTIES OF BOARD OF APPEALS. The zoning board of appeals shall have the following powers and duties . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed."

The only evidence that the plaintiff presented to the board concerning the unusual or unique nature of the alleged hardship was his statement that the property was the only undeveloped lot in the area. The board's chairperson noted, however, that there were many other nonconforming lots in the area that were subject to the same zoning restrictions as the plaintiff's property. Because "the members of the board are entitled to take into consideration whatever knowledge they acquire by personal observation"; *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 267, 455 A.2d 339 (1983); they were free to rely on the chairperson's knowledge of other similarly nonconforming lots in the same area as the plaintiff's property.

"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Citations omitted; internal quotation marks omitted.) *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals,* supra, 218 Conn. 269–70; *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988); *Adolphson* v. *Zoning Board of Appeals,* supra, 205 Conn. 707. The record of the proceedings before the board supports its determination that the plaintiff failed to demonstrate an unusual or unique hardship. Therefore, the trial court properly upheld the board's denial of the plaintiff's application for a variance.

## III

The plaintiff's final claim is that the board's denial of the variance constitutes a taking of his property without just compensation in violation of article first, § 11, of the Connecticut constitution. The plaintiff contends that in rejecting the defendant's claim that the plaintiff's construction of a seasonal residence would constitute a possible alternative use for the property, the trial court properly concluded that the zoning regulations of the town of Old Lyme did not distinguish between seasonal and year round dwellings, and that the board therefore could not do so. Because the board could not lawfully authorize him to construct a seasonal residence, the plaintiff argues, the board's denial of his application has deprived him of any reasonable use of his property in violation of the state constitution. We disagree.

The plaintiff may prevail on his claim of a constitutional deprivation if the board's denial of the variance constituted a taking, either as a practical confiscation of his property or by application of a balancing test. *Gil* v. *Inland Wetlands & Watercourses Agency,* 219 Conn. 404, 415, 593 A.2d 1368 (1991); *Chevron Oil Co.* v. *Zoning Board of Appeals,* 170 Conn. 146, 151, 365 A.2d 387 (1976); *Bartlett* v. *Zoning Commission,* 161 Conn. 24, 31, 282 A.2d 907 (1971). "As we have recently reiterated, however, the plaintiff is not entitled to judicial review of the merits of his regulatory takings claim until he has met the requirement of establishing the finality of the agency determination. . . . To demonstrate the requisite finality, a property owner asserting a regulatory takings claim bears the burden of proving that the relevant government entity will not allow *any* reasonable alternative use of his property." (Citations omitted; emphasis in original.) *Gil* v. *Inland*

*Wetlands & Watercourses Agency,* supra, 415; see also *Smith* v. *Zoning Board of Appeals,* 227 Conn. 71, 99, 629 A.2d 1089 (1993).

We are not persuaded that the board's denial of the plaintiff's application for a variance to build a year round dwelling rules out any reasonable use of his property. The board concluded only that construction of such a dwelling on the property would not be in harmony with the other, mostly seasonal, dwellings in the area, and that the plaintiff's year round use of a septic system could pose a health hazard to his neighbors. The minutes of the meeting on the plaintiff's application for a variance, however, reflect the board's view that construction of a seasonal home on the property would constitute a reasonable alternative use of the lot in conformity with the existing development of the area.[7] The plaintiff has not proven, therefore, that the board will not allow any reasonable use of his property.

We similarly do not agree that the town's zoning regulations necessarily prohibit the board from granting a variance to the plaintiff for the construction of a seasonal dwelling on the property. Indeed, the board contends that the zoning regulations, which expressly define the terms "seasonal dwelling" and "seasonal use,"[8] authorize the granting of a variance for the seasonal use of a dwelling, and that such a variance would be granted in appropriate circumstances.[9] We need not resolve that issue, however, because the board's author-

---

[7] In fact, we were informed at oral argument that the board has granted, with conditions, a subsequent application by the plaintiff for a variance to construct a seasonal dwelling on the property, and that the validity of that conditional variance is currently on appeal to the Superior Court.

[8] The zoning regulations of the town of Old Lyme define "seasonal dwelling" as "[a] dwelling unit, designed, used, or intended to be used for seasonal use." The regulations define "seasonal use" as "[t]he use of a structure for dwelling purposes between April 1 and November 15, only."

[9] See footnote 7.

ity to grant a variance for seasonal use is a matter to be decided by the board itself in the first instance. The requirement that the board first address this issue is consistent with the well settled principle of administrative law that mandates the exhaustion of administrative remedies, a doctrine "grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 557, 529 A.2d 666 (1987). Moreover, where, as here, there is a mechanism in place for adequate judicial review, the exhaustion doctrine requires that the government agency to which the administrative decision-making responsibility has been delegated be afforded the opportunity to determine whether it has jurisdiction or authority to act in a particular situation. *Polymer Resources, Ltd.* v. *Keeney,* 227 Conn. 545, 555–56, 630 A.2d 1304 (1993); *Greater Bridgeport Transit District* v. *Local Union 1336,* 211 Conn. 436, 439, 559 A.2d 1113 (1989).[10] Because it may ultimately be determined that the board has authority under the Old Lyme zoning regulations to grant a variance for the construction of a seasonal dwelling, the plaintiff has not demonstrated that the board's denial of his application for a variance to construct a year round dwelling has deprived him of any reasonable use of his property.[11] We conclude, therefore, that the denial of

[10] We have also noted that the doctrine of exhaustion "furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review"; (citations omitted; internal quotation marks omitted) *Concerned Citizens of Sterling* v. *Sterling,* supra, 204 Conn. 557; and that the resolution of the issues at the administrative level may render such judicial review unnecessary. *Polymer Resources, Ltd.* v. *Keeney,* supra, 227 Conn. 557 n.20.

[11] The trial court, therefore, should not have resolved the plaintiff's claim that the board lacked authority under the zoning regulations to grant a variance for seasonal use. We express no view as to the merits of that claim.

the variance did not constitute a taking within the meaning of article first, § 11, of the Connecticut constitution.[12]

The judgment is affirmed.

In this opinion the other justices concurred.

[12] In view of our resolution of this issue, we do not address the board's claim, decided in its favor by the trial court, that the denial of the variance did not constitute a taking under article first, § 11, of the state constitution because the minimal purchase price paid for the property by the plaintiff reflected its nonconformity with the zoning regulations. See *Chapman* v. *Zoning Board of Appeals,* 23 Conn. App. 441, 443, 581 A.2d 745 (1990).