[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Kevin and Debra Poruban, appeal from a decision of the defendant, Zoning Board of Appeals of the city of Norwalk (board), ordering the plaintiffs to remove an antique World War II cargo truck from their property, alleging that the decision was improper, illegal, arbitrary and an abuse of discretion. The decision of the board followed a public hearing held on November 3, 1994, pursuant to General Statutes § 8-7. Also named as defendants are the city of Norwalk (Norwalk); Jennifer Di Marco, who appealed the ruling of the Zoning Enforcement Officer to the board; Roger McFadden, the Deputy Zoning Inspector; and James Bradley, the Zoning Enforcement Officer. The board's decision was made pursuant to General Statutes § 8-7 and § 118-330B(4)(e) of the Code of the city of Norwalk. The plaintiff has appealed under General Statutes § 8-8.
The board published notice of its decision in the Norwalk Hour on November 10, 1994. (ROR, Item 14.) The plaintiffs served the appeal on the defendants on November 22, 1994. (Sheriff's Return.) The appeal was filed with the superior court on November 28, 1995. Norwalk filed the return of record on February 9, 1995, and Di Marco filed a supplemental return of record on April 12, 1995. The plaintiffs filed their brief on May 3, 1995. Di Marco filed her brief on June 9, 1995, and Norwalk filed its brief on June 20, 1995. The plaintiffs' reply brief was filed on August 9, 1995.
In a letter dated August 3, 1994, McFadden, the Deputy Zoning Inspector, notified the plaintiffs that they were storing a vehicle on their premises which exceeded one ton, in violation of § 118-330B(4)(e) of the Code of the City of Norwalk, and that they had five days in which to remove the vehicle. (ROR, Item 2.) This notice of violation was rescinded in a letter dated September 21, 1994, in which McFadden determined that the vehicle was a recreational vehicle and therefore permitted in an "A" residence zone. (ROR, Item 4.) The defendant, Di Marco, filed an appeal with the board, dated October 3, 1994, in which she sought to overturn the decision of the Deputy Zoning Inspector rescinding the notice of violation. (ROR, Item 1.) On November 3, 1994, the CT Page 13483 board held a hearing on the appeal (ROR, Item 13.) at the conclusion of which the board determined that the vehicle was a commercial vehicle and that the storage of such a vehicle at 43 King Street is a violation of the zoning regulation. (ROR, Item 13, p. 26.) The plaintiffs now appeal that decision on the ground that the board's decision was improper, illegal, arbitrary and an abuse of discretion in that the decision was contrary to the Norwalk Zoning Regulations, and that there was not sufficient evidence to show that the vehicle was not a recreational vehicle.
The plaintiffs provided evidence to the court at the hearing held August 9, 1995, of their ownership of the property located at 43 King Street, Norwalk, Connecticut. (Exhibits A, B.) As the decision of the board was in regard to 43 King Street, this court found aggrievement pursuant to General Statutes § 8-8(a)(1).
"`In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant.'"Francini v. Zoning Board of Appeals, 228 Conn. 785, 791,639 A.2d 519 (1994). Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [T]his applies where the agency has rendered a formal, official, collective statement or reasons for its action.
The plaintiffs argue that the board improperly classified the military vehicle stored on their property as a commercial vehicle, rather than a recreational vehicle, in violation of the Norwalk zoning regulations. The plaintiffs also contend that the board applied additional uncodified requirements, not contained within the regulations, and that the board's decision violates General Statutes § 52-571. The defendants maintain that the record provides ample support for the board's determination that the vehicle was commercial in nature. CT Page 13484
The regulations governing this issue are §§ 118-330B(4)(d) and (e) of the Code of the city of Norwalk. Section 118-330B provides that certain accessory uses of property are permitted. Among these permitted accessory uses are § 118-330B(4)(d), which allows the "[s]torage of recreational vehicles owned or leased by the occupant of the dwelling . . ." and § 118-330B(4)(e), which allows the "[s]torage of not more than (1) commercial vehicle, as defined in Chapter 246, Section 14-1, of the Connecticut General Statutes, which does not exceed one-ton rated capacity." General Statutes §14-1(11) defines a commercial motor vehicle as "a vehicle designed or used to transport passengers or property . . . or a recreational vehicle in private use, which (A) has a gross vehicle weight rating of twenty-six thousand and one pounds or more; (B) is designed to transport sixteen or more passengers, including the driver . . . ."
The plaintiffs argue that the vehicle is an antique, and therefore, recreational in nature. General Statutes § 14-1(2) defines an antique vehicle as "a motor vehicle twenty-five years old or older which is being preserved because of historic interest and which is not altered or modified from the original manufacturer's specifications." As evidence of this the plaintiffs provide a copy of the vehicles "early american" registration, and the antique and classic auto policy covering the vehicle. (ROR, Item 1.) The board members determined, however, that a vehicle could be an antique and still fall under the definition of a commercial vehicle. (ROR, Item 13, pp. 23-24.) Furthermore, General Statutes § 14-1(11)(B) provides that a recreational vehicle can be classified as a commercial vehicle if it is designed to transport sixteen or more passengers. Richard J. Di Marco states in a letter dated October 19, 1994, that "[i]n the rear of the vehicle, behind the cab, is the passenger/cargo area. There are benches on either side of the cargo area, running from front to back, and an open space in the middle. The benches are designed to seat soldiers, and the middle section is presumably where the soldiers' backpacks and other gear were stored. Thus, I estimate that the truck can carry approximately 20 soldiers, if you include the cab and passenger area." (ROR, Item 5.) The technical manual classifies the vehicle as a "Truck, Cargo, L.W.B., 2 1/2-TON, 6 x 6, which can carry a payload of 5,000 pounds, and designates its purpose as "[t]o transport general cargo." (ROR, Item 11.) At the hearing held by the board, the appellant's attorney noted that the 5000 pound payload is adequate to carry 25 men weighing 200 pounds, and that the vehicle has bench seating to carry at least sixteen passengers. (ROR, Item 13, p. 6.) Moreover, the photographs of the vehicle, which were provided to the board, clearly show the CT Page 13485 bench seating in the rear portion of the vehicle. (ROR, Item 17.)
The plaintiffs dispute that the vehicle was designed to transport personnel by pointing to the technical manual, which provides that the purpose of the vehicle is to transport general cargo. (ROR, Item 11.) In the executive session, a member of the board, Mrs. Greismer, determined, however, that "it is clearly a commercial vehicle based on the statutory definition which encompasses intent, design, what it was designed to do. It wasdesigned to haul cargo and personnel." (Emphasis added.) (ROR, Item 13, p. 23.) At the conclusion of the executive session, the board decided the appeal as follows: "This board determines that the troop transport is a commercial vehicle as provided by the zoning regulations; that the storage of the transport at the subject property constitutes a violation of the zoning regulation. That the zoning enforcement officer's decision of September 21, 1994 be . . . modified to include the aforementioned determinations and that this board further modify the zoning enforcement officer's decision of September 21, 1994 whereby the notice of violation is not rescinded and that this board order Mr. Poruban to immediately comply with the zoning regulations by removing the troop transport
from the property or otherwise legally garaging the same." (Emphasis added.) (ROR, Item 13, p. 26.)
The record reflects facts sufficient to support the board's determination that the plaintiffs' vehicle was a commercial vehicle pursuant to General Statutes § 14-1(11)(B).
The plaintiffs also contend that the board did not limit itself to the regulations as written, but introduced a nuisance concept into the regulations. The plaintiffs rely on the comments of Mrs. Unger, who stated that the issue was not whether the vehicle was commercial, but whether it was an eye-sore. (ROR, Item 13, pp. 22-23.) In reply to this, Mrs. Greismer stated that "[w]ith all due respect . . . I do think the issue is whether it's legal or not." (ROR, Item 13, p. 23.) Furthermore, the decision of the board reflects that the issue ultimately determined was whether the vehicle was recreational or commercial under the zoning regulations. (ROR. Item 13, p. 26.) The comments of Mrs. Unger were not relied upon by the board in making its determination.
The plaintiffs also argue that the board's decision was illegal in that it violated General Statutes § 52-571, which prohibits discrimination based on membership in armed forces. CT Page 13486
The record does not reflect that the board's determination that the vehicle was a commercial vehicle under the regulations was based upon Mr. Poruban's membership in the armed forces.
For the foregoing reasons, the plaintiffs' appeal is dismissed.
DEAN, J.