[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO REMAND #123
Before the court is Domenic A. Graziano and Joanna Graziano's motion to remand developer AB Real Estate Development's subdivision application to defendant Southbury Planning Commission in order to hear additional evidence. The defendant filed an objection and the court heard oral argument on the matter on July 15, 1997. The court hereby sustains the defendant's objection for the following reasons.
On September 5, 1996, plaintiffs, Domenic A. Graziano and Joanna Graziano, filed an appeal from the Southbury Planning Commission's July 16, 1996 decision to approve AB Real Estate Development's subdivision application. AB Real Estate Development submitted a plan to subdivide and develop a parcel of land between Chestnut Tree Hill and Bucks Hill Roads into fifteen building lots to be known as "Beecher Estates" and to extend an existing road, Beecher Drive, in order to connect Chestnut Tree Hill Road to Bucks Hill Road. Beecher Drive presently ends in a cul de sac.
On June 30, 1997, the plaintiffs, who presently live on Beecher Drive and are opposed to its extension, filed a motion to remand the matter to the Southbury Planning Commission to hear additional evidence regarding the width, grade, alignment and site line of Beecher Drive in order to ensure that the proposed extension conforms to Section 4.11.1 of the Subdivision Regulations of the Town of Southbury. The plaintiffs do not cite any case law or statutory authority in support of their request for a remand.
On July 9, 1997, the Southbury Planning Commission filed an objection to the plaintiffs' motion, contending that the court has no authority to order a zoning commission to hear additional evidence unless the action taken by the Commission was illegal CT Page 8035 arbitrary or in abuse of its discretion.
A zoning board "is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994).
The dispositive issue before the court is whether the court may remand the matter to the defendant in order to permit the plaintiffs to submit additional evidence, thereby modifying the record. Connecticut Statutes Sec. 4-183 (h) permits a court to remand a matter back to any agency to hear additional evidence under certain circumstances. It provides "[i]f, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court." However, § 4-183 (h) does not apply to appeals from a local zoning board because a zoning commission is not a state "agency" as defined by the Uniform Administrative Procedure Act. See General Statutes §4-166 (1).[1] See also Mimms v. Planning Zoning Commission ofWestport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289405, 9 Conn. L. Rptr. 159(June 11, 1993, Levin, J.).
General Statutes § 8-8 governs appeals from zoning boards to the Superior Court. § 8-8 (k)[2] permits parties in a zoning appeal to introduce additional evidence to the court if the record is incomplete or is necessary for the equitable disposition of the appeal. There is no provision authorizing the court to remand the matter to the zoning board to hear additional evidence. In conclusion, the above-cited statutes do not authorize the plaintiffs' request for a remand. CT Page 8036
Based on the foregoing, the court hereby denies the plaintiffs' motion for remand.
Joseph H. Sylvester, Judge