[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Zoning Board of Appeals of the City of Stamford (ZBA) upholding the May 31, 1995 and June 12, 1995 cease and desist orders issued by the zoning enforcement officer (ZEO). The case and desist orders required the plaintiffs to remove certain additions to a building on their CT Page 5103 premises that allegedly were not on the plaintiffs' approved plans and to restore the footprint of the building to the size and configuration shown on the certified plot plan dated October 24, 1986.
The plaintiffs, Joseph and Phyllis Stephenson, purchased the premises located at 179 Highview Avenue, Stamford, Connecticut in December of 1993 . (Return of Record [ROR], Item 9: Transcript of Public Hearing, p. 121). The premises are located in a RM-1 zone, which requires a minimum lot area of 3,750 square feet per dwelling unit, a maximum building area of twenty-five percent, and a minimum yard dimension of 25 feet (from the street line) for the front yard, 10 feet for each of the side yards and 30 feet for the rear yard. Article III, § 4AA(4.4) and Appendix B of the Stamford Zoning Regulations. The building is non-conforming in that it violates the front and side yard setback requirements and consists of four dwelling units in an area where the residential density requirements only allow two families. (ROR, Item 9, p. 18). Article IV, § 10A of the Stamford Zoning Regulations prohibits the expansion of a non-conforming use.[1]
The plaintiffs were issued a building permit (#73952) on February 25, 1994, for the "Rehab of Existing Alteration Addition (4 Units)." (ROR, Item 7, Exhibit 4). A second building permit (#74688) was issued on September 7, 1994, to "Finish Work From #73592." (ROR, Item 7, Exhibit 7). Following several stop work orders issued by the chief building official, Michael D. Marci, the ZEO, Anthony P. Strazza, issued a cease and desist order on May 31, 1995, for violations of the Stamford Zoning Regulations. (ROR, Item 7, Exhibit 22). A second cease and desist order was issued on June 12, 1995. (ROR, Item 7, Exhibit 16). The ZEO found that the plaintiffs had made several alterations to the premises which were not on the approved plan and had increased the footprint of the building "well beyond the limits shown on a certified plot plan dated October 24, 1986." (ROR, Item 7, Exhibits 16 and 22). Accordingly, the ZEO ordered the plaintiffs to remove the various alterations that were not on the approved plan and to "reduce the footprint of the building to the size and configuration shown the certified plot plan dated October 24, 1986." (ROR, Item 7, Exhibits 16 and 22).
On July 5, 1995, the plaintiffs filed an application with the ZBA, appealing the cease and desist orders. (ROR, Item 1: ZBA Application). A public hearing was held on August 9, 1995, to CT Page 5104 consider the plaintiffs' application. (ROR, Item 9: Transcript of Public Hearing). The ZBA held a board meeting on August 29, 1995, at which time it considered and decided the plaintiffs' application. (ROR, Item 10: Transcript of Board Meeting). The ZBA ultimately denied the plaintiffs' appeal, upholding the decision of the ZEO. (ROR, Item 13: Certificate of Decision). Notice of the ZBA's decision was published on September 13, 1995. (ROR, Item 14: Legal Notice of Decision). The plaintiffs commenced a timely appeal, pursuant to General Statutes § 8-8(b), by service of process on the assistant town clerk and the ZBA on September 22, 1995.
In their appeal from the decision of the Stamford ZBA, the plaintiffs allege that the ZBA acted illegally, arbitrarily and in abuse of its discretion in that: "(a) The cease and desist orders were issued because ordered by mayor Espisito during or after a neighborhood meeting at the firehouse; (b) The enforcement was discriminatory on the basis of the plaintiffs' minority status; (c) The Zoning Enforcement Officer's earlier approval of detailed architectural plans was the correct decision; (d) The Zoning Board of Appeals convened in secret during the hearing, off the record, in violation of fair hearing due process rights and the Freedom of Information Act; and (e) And for such other reasons as will be specified when the record is returned." (Plaintiffs' Appeal, § 5). Wherefore, the plaintiffs request that their appeal be sustained. In its answer filed on November 6, 1995, the ZBA denied the plaintiffs' allegations that it acted illegally, arbitrarily and in abuse of its discretion.
At a hearing conducted by this court on April 14, 1998, the plaintiff Joseph Stephenson testified that he and his mother are the owners of the premises located at 179 Highview Avenue and are thus adversely affected by the ZBA's decision. The deed to the property was placed in evidence. Accordingly, the court finds that the plaintiffs are aggrieved as required by General Statutes § 8-8.
"[A] zoning board of appeals . . . is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [there were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether CT Page 5105 there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francine v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994). "The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached."Primerica v. Planning Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989).
The ZBA articulated no factual findings in making its decision but simply upheld the action of the ZEO. The minutes of the board meeting at which the vote was taken, however, disclose that the ZBA's decision was based on a finding that the footprint of the building had been expanded beyond its original dimensions and, therefore, that the building is in violation of the plaintiffs' building permit, which essentially called for the renovation of the former building. (ROR, Item 9, p. 2: Statement of John Sedlack, ZBA Chairman). "Thus the board may be deemed to have made such a finding implicitly." Zachs v. Zoning Board ofAppeals, 218 Conn. 324, 329, 589 A.2d 351 (1991).
In making its decision, the ZBA was presented with two certified plot plans. The October 24, 1986 plot plan relied on by the ZEO (ROR, Item 3), and the June 8, 1995 plan (ROR, Item 2), which was prepared on behalf of the plaintiffs. The 1986 plan was part of the initial building permit application. (ROR, Item 9, pp. 100-01). In contrast, the 1995 plan is dated almost nine months after the plaintiffs were issued their second building permit (#74688) on September 7, 1994. Further, the 1995 plan is also dated after the ZEO issued the first cease and desist order and only shortly before the second cease and desist order. The ZBA relied on the 1986 plot plan as the relevant plan. This court may not substitute its judgment for that of the administrative agency. Frito-Lay. Inc. v. Planning Zoning Commission,206 Conn. 554, 572-73, 538 A.2d 1039 (1988).
As discussed above, the plaintiffs' building is a non-conforming use in that it violates the setback and density requirements of the Stamford Zoning Regulations. "[N]onconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit-[i]n no case should they be allowed to increase." (Internalquotation marks omitted.)Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 710,535 A.2d 799 (1988). Relying on the 1986 plan, the ZBA determined that the plaintiffs had in fact expanded the footprint of their building CT Page 5106 beyond the dimensions of the original foundation. (ROR, Item 10, pp. 3-4: Statement of Daniel Pennacchio). A comparison of the 1986 and 1995 plot plans supports this determination. A third plot plan submitted by the plaintiffs and dated August 23, 1994, apparently indicates exactly where the foundation of the building was expanded and further supports the ZBA's determination. (Supplemental Return of Record [ROR], Item 7 Exhibit 3: Office Sheet Plan No. 3).[2] Although the building job plans for the plaintiffs' second building permit (#74688) appear to indicate an expansion of the building's original foundation for unit "A"; (Supplemental ROR, Item 7, Exhibit 6: Office Sheet Plan No. 5); this expansion of the foundation does not appear on the revised job plans. (Supplemental ROR, Item 7, Exhibit 17: "Foundation Unit A (Existing)").
Furthermore, the ZEO, Anthony P. Strazza, testified at the August 9, 1995 public hearing that he "issued a permit to repair and rehabilitate an existing non-conforming four family structure. I did not give them permission in any shape, way or form to add any footprint — new footprint to the existing structure." (ROR, Item 9, pp. 96, 101). According to Strazza, "the new evidence that I have from all the neighbors and all the pictures and the plot plan shows that he has expanded a non-conforming structure, which he simply cannot do." (ROR, Item 9, p. 16). Because the plaintiffs only had "a repair permit for an existing non-conforming dwelling, which cannot be increased or expanded without a variance from the Zoning Board of Appeals, " Strazza testified that he issued the June 12, 1995 cease and desist order, requiring the plaintiffs to reduce the footprint of the building to the configuration shown on the 1986 plot plan. (ROR, Item 9, p. 16). Strazza's decision was based on the information provided to him by the neighbors, which was confirmed by the 1986 plot plan. (ROR, Item 9, pp. 105-103). Joseph Tarzia, the coordinator of plan review and field inspections for the Stamford Building Department, also testified at the public hearing and indicated that conformance with the building permits would require a two story building with no more than four apartment units and with no further expansion over the footprint of the original building. (ROR, Item 9, pp. 30, 31, 37).
The ZBA agreed with the testimony of ZEO that the plaintiffs had expanded a non-conforming building in violation of their building permits. "The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency." Primerica v. Planning ZoningCT Page 5107Commission, supra, 211 Conn. 96. Accordingly, the record supports the ZAB's decision.
In addition, the plaintiffs' estoppel claim is without merit. "[E]stoppel may not generally be invoked against a public agency in the exercise of its governmental functions. . . ." ZoningCommission v. Lescynski, 188 Conn. 724, 731, 453 A.2d 1144
(1982). Both the ZEO's orders and the ZBA's decision were based on a determination that the plaintiffs exceeded the scope of their permits and expanded a non-conforming structure. This is not a situation where a municipal agent, in good faith but in error, issued a permit that authorized the plaintiffs to perform work that violated the zoning regulations, and then the municipality sought to enforce the zoning regulations. SeeOsterberg v. Seymour Zoning Board of Appeals, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 031218 (November 15, 1990, Fuller, J.) (town was estopped from enforcing zoning regulations where plaintiff relied on a zoning permit mistakenly issued by the ZEO to build an addition which violated the setback requirements). Because the ZBA's decision in the present case was based on a finding that the plaintiffs exceeded the scope of their permits, the city is not estopped from enforcing the zoning regulations.
Furthermore, the record discloses that a properly noticed public hearing was held at which time both sides were given the opportunity to present evidence and cross examine witnesses. (ROR, Item 9). Therefore, due process was in fact accorded to the plaintiffs. The ZBA then considered the evidence presented at the public hearing at its August 29, 1995 board meeting de novo, rather than simply deferring to the decision of the ZEO, and concluded that the plaintiffs had exceeded their permits. The plaintiffs' remaining arguments regarding due process, the freedom of information act, and de novo review fail as they have not sustained their burden of proof
Based on the foregoing, the record reasonably supports the ZBA's decision, and, therefore, the plaintiffs' appeal is dismissed.
KARAZIN, J.