[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs appeal from the decision of the Thompson Zoning Board of Appeals (Board) upholding the issuance by the Thompson zoning enforcement officer (ZEO) of a cease and desist order barring the use of a portable soil screening plant on property located on Forest Hill Drive and Wagher Road in Thompson.
The plaintiffs claim that this activity constitutes a legitimate extension of a nonconforming use and raise certain issues regarding the adverse ruling of the Board. The Board counters that such activity amounts to a prohibited expansion of a nonconforming use.
 I
As the owners of the property which was the subject of the cease and desist order upheld by the Board, the plaintiffs are aggrieved by that ruling. Bossert Corporation v. Norwalk,157 Conn. 279, 285 (1968). Therefore, the plaintiffs are entitled to bring this administrative appeal under G.S. § 8-8(b).
 II
When reviewing the action of the zoning enforcement authority, a board of appeals acts in a quasi-judicial capacity. In this capacity, the board must interpret zoning regulations and apply those rules to the specific facts in the case before it.Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 513 (1969).
The plaintiffs complain that the decision of the Board was the product of consideration of ex parte communications by its members; was inconsistent with a previous ruling of the Thompson Planning and Zoning Commission; that notice of the decision was untimely; and, that the decision was unsupported by the evidence. The third ground, viz, untimely notice, was neither briefed nor argued by the plaintiffs and is regarded as abandoned. CT Page 6776
 A
The plaintiffs' allegation of ex parte communications appears meritless. This claim centers around the consideration by the Board of numerous letters complaining about the plaintiffs' commercial activities. The plaintiffs do not contend that the receipt of letters, per se, is improper. Rather, the plaintiffs argue that the letters were received after the public hearing concluded.
The return of record and transcript of the proceedings belie this contention. This evidence clearly demonstrates that the letters were received, and, in fact, referred to while the public hearing was pending. The public hearing began on August 12, 1996, and was continued to and completed on September 9, 1996. The letters were submitted between or on these dates. As noted above, the questioned letters were referred to during the September 9, 1996 hearing by both board members and witnesses attending the hearing. Indeed, plaintiffs' counsel also submitted such a letter during this time period. Presumably, the letters were available for inspection by the plaintiffs if their counsel had requested to examine them.
The plaintiffs have sought no permission to introduce evidence outside the return of record. The record before the Board discloses no improper ex parte communications. The plaintiffs' appeal fails on this ground.
 B
Turning to the plaintiffs' claim that the Board's ruling is inconsistent with a previous decision of the Thompson Planning and Zoning Commission (PZC), the court notes that the Board correctly objects that this issue was never squarely presented to the Board. No evidence as to the PZC ruling was introduced at the public hearing nor before this court. It is incumbent upon the appellant to make a record of claimed errors in order for the court to review these claims. In the absence of such evidence, the court cannot find error by the Board on this basis.
 C
The remaining and central claim of the plaintiffs is that the evidence adduced before the Board failed to substantiate its CT Page 6777 decision. In this case, the Board omitted formal mention of a reason for its decision. Consequently, the court must search the record for reasons, if any, for supporting the Board's conclusion. Connecticut Resources Recovery Auth. v. Planning Zoning Commission, 225 Conn. 731, 743 (1993).
In this effort, the court observes that the original cease and desist order, dated May 24, 1996, was much broader than one reviewed by the Board. The ZEO, Ricardo Rovero, had ordered the plaintiffs to cease operation of commercial vehicles, excavation activities, and gravel processing on their property. On June 18, 1996, the ZEO withdrew that order except for the prohibition against further processing of soil products for off-site use. In modifying the earlier order, the ZEO recognized that the other activities were lawful, nonconforming uses because they predated zoning restrictions against them.
The parties agree that the commercial activity of screening earth for off-site use is presently proscribed by the zoning ordinances governing this property. The issue to be resolved is whether the: Board properly found that the activity was an unlawful intensification of a nonconforming use.
At the administrative hearing, the plaintiffs conceded that, around four years earlier, they converted from hand-screening loam to employing a portable, mechanized screening plant. In order to accommodate use of this plant, the plaintiffs cleared a portion of their property which was previously wooded and transported the plant and materials to be sifted to that clearing. The screener runs on electricity supplied by a diesel generator and utilizes a conveyor belt to facilitate the process.
The Board had evidence before it from several abutters and neighbors that the portable screener generates considerable noise, vibration, and dust. The evidence also showed that the plaintiffs cleared a new section of land for this purpose. One of the abutters lives fifty feet from the machine. Other neighbors also reside nearby.
The town of Thompson adopted zoning ordinances which prohibited this activity in 1975, well before the plaintiff began employing the portable screening plant.
In deciding whether the increase of an activity constitutes a CT Page 6778 legitimate extension of a nonconforming use, consideration should be given to three factors, Zachs v. Zoning Board of Appeals,218 Conn. 324, 332 (1991); to wit: (1) the extent to which the present use reflects the nature and purpose of the original use; (2) any difference in the nature and character of the former and present use; and, (3) any substantial difference in impact upon the neighborhood resulting from these differences. Id.
The modernization of equipment alone fails to change the lawful status of a nonconforming use. DeFelice v, Zoning Board ofAppeals, 130 Conn. 156, 162 (1943). Likewise, the mere increase in business performed by such nonconforming activities does not destroy that status. Zachs v. Zoning Board of Appeals, supra, 331.
In the present case, however, the evidence before the Board justified upholding the cease and: desist order because the conversion from hand-screening to mechanized screening created a substantial detrimental impact upon neighboring properties. The plaintiffs moved the plant to a previously wooded area very close to a residence. The noise, vibration, and dust levels rose: considerably according to several neighbors. The Board was entitled to credit their testimony despite contrary testimony from others.
The party claiming benefit from a nonconforming use bears the burden of proving the validity of that use. Francini v. ZoningBoard of Appeals, 228 Conn. 785, 789 (1994). The court cannot substitute its judgment for that of the Board. ConnecticutResources Recovery Auth. v. Planning Zoning Commission, supra, 744.
After searching the record, the court concludes that the Board had substantial evidence before it to determine that the plaintiffs' conversion from hand-screening to employment of a mechanized screening plant created a considerable disadvantage to the neighborhood transforming the activity from a valid nonconforming use into a prohibited use.
For these reasons, the appeal is denied.
Sferrazza, J.