[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
 I
The plaintiff, David L. Austin, appeals the decision of the defendant, the City of New Haven Zoning Board of Appeals (sic) ("the Board"), upholding a decision of the zoning enforcement officer ("the ZEO"). The ZEO's decision was dated January 19, 2000. On or about February 3, 2000, the plaintiff appealed that decision (#00-18-R) to the Board, which held a public hearing on that appeal on March 14, 2000. On April 4, 2000, the Board voted, 4-0, to affirm the ZEO's decision. This appeal followed. A hearing on the instant appeal was held on October 26, 2000, at which the plaintiff was found aggrieved for the purpose of standing to take this appeal.
 II
The plaintiff is the owner of property designated as 401 Sherman Avenue in the City of New Haven. He purchased said property on or about December 8, 1999. The property is in an RM 2 District. Following the purchase, the plaintiff met with Henry J. Fernandez, Executive Director of the Livable City Initiative ("LCI"), to discuss the plaintiff's intention of open a bar (an establishment selling alcoholic beverages for immediate consumption on the premises).
By letter dated January 19, 2000 (Return of Record, Exhibit C), Fernandez, acting as ZEO, informed the plaintiff that the proposed use was a non-conforming use that had been abandoned pursuant to the New Haven Zoning Ordinance, S. 67-3; accordingly, the plaintiff would need a variance to operate a bar on said premises. CT Page 15794
The plaintiff duly filed his appeal seeking Review of Administrative Decision of Zoning Enforcement Officer (Return of Record, Exhibit B), claiming the "use was not abandoned and the above finding does not permit the movant to use the premises for its intended use."
Following hearing, the plaintiff was notified that, "The Decision of the Zoning Enforcement Officer was upheld by the Board of Zoning Appeals" (Return of Record, Exhibit R)."
The Board gave as its reason:
"The Board found credible evidence submitted to the Board from neighbors, LCI staff and the Police Department regarding date of closure (December 31, 1998), far more than nine months. As to the liquor permit of Barbara Dixon, which expired on 8.23.99, the Board found that Ms. Dixon abandoned the permit and the use in December, 1998, despite outside dates on the permit and her lease (which was subject to a stipulated agreement), based upon credible testimony. The Housing Specialist stipulated agreement and the affidavit of Amos Beamon were found to hold no probative value. The MLS listing for the property was found to have no probative value, because Mr. Austin did not purchase the property listed thereon, but rather purchased the property from Sarah Burke, LLC. The five page buy/sell agreement with Gloria Beamon also held no probative value, because the sale was not consummated pursuant to the agreement. The property was purchased through a contract to buy a building, not a business. Based on the absence of credible testimony, the Board voted 4-0 to uphold the administrative decision and find that the nonconforming use is abandoned." (Return of Record, Exhibit Z).
 III
Pursuant to General Statutes, S.8-7, the Board is authorized to hear and decide appeals from any order, requirement or decision of the zoning officer In hearing an appeal of a ZEO's decision, the Board acts administratively, in a quasi-judicial capacity, Lawrence v. Zoning Boardof Appeals, 158 Conn. 509, 513-14. "In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the court only to determine whether [they were] unreasonable, arbitrary or illegal. . .The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . .In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, CT Page 15795639 A.2d 519 (1994). "If "a zoning authority has stated the reasons for its actions, the reviewing court ought to examine the assigned grounds to determine whether they are reasonably supported by the record and pertinent to the considerations the authority was required to apply pursuant to the zoning regulations'." Beit Havurah v. Zoning Board ofAppeals, 177 Conn. 440, 444-45, 418 A.2d 82 (1979). R R Pool and Patio,Inc. v. Zoning Board of Appeals, 60 Conn. App. 82, 93-94.
 IV
Pursuant to General Statutes, S. 8-2, a municipality's land use regulations "shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations. Such regulations shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use.
The proposed use is not a permitted use in an RM 2 District. It is undisputed that at some time in the past, a bar had been operated on the subject premises as a nonconforming use. The sole question at issue is, was the ZEO correct in determining that said use had been abandoned?
Under the New Haven scheme of land use regulation, nonconforming uses are governed by S. 67 of the Zoning Ordinance of the City of New Haven ("Ordinance").
Abandonment is addressed in Ordinance, S. 67.C.6., "Abandonment of nonconforming uses", which reads in pertinent part:
a) Any nonconforming use which has been abandoned shall not thereafter be reestablished. Any structure or land, or structure and land in combination, which was formerly devoted to a nonconforming use which has been abandoned, shall not again be devoted to any use other than those uses which are permitted in the district in which the structure or land, or structure and land in combination, is located.
b) The term abandonment, as used therein, shall mean the voluntary discontinuance of a use, when accompanied by an intent not to re-establish such use. Any one of the following shall constitute prima facie evidence of intent to abandon:
(1) Any positive act indicating such intent; or
 (2) Any conscious failure to take all necessary steps to resume the nonconforming use with CT Page 15796 reasonable dispatch in the circumstances, including advertising of the property for sale or for lease; or
 (3) In the case of a structure or of a structure and land in combination, discontinuance of the nonconforming use for nine consecutive months, or for a total of 18 months during any three-year period . . .
Thus, under the scheme of regulation adopted by the City of New Haven, discontinuance of a nonconforming use for a period of nine consecutive months constitutes prima facie evidence of intent to abandon such use. At the time of hearing of the instant appeal, the parties agreed that once prima facie evidence of abandonment is found, the burden then shifts to the applicant to demonstrate an intent by the property owner to maintain the said use.
Opponents of the plaintiff's proposal to open a bar on the subject premises claimed, and the Board found, that the use had been discontinued on December 31, 1998, and had been discontinued for nine consecutive months. The Court finds there was substantial evidence in the record to support these findings.
In the course of the hearing before the board, the plaintiff introduced testimony and documentation designed to establish that there had not been an abandonment of the use. In effect, the plaintiff sought to overcome any prima facie evidence of intent to abandon by demonstrating an intent to continue the use.
At the administrative hearing, the plaintiff placed into evidence the following documents:
• a copy of a liquor permit renewal issued to Barbara Dixon bearing an effective date of 8/24/98 and an expiration date of 8/23/99. It was undisputed that Ms. Dixon was the operator of the bar on the subject premises up to December 31, 1998. (Return of Record, Exhibit L.3).
• a copy of a housing court document, a "Stipulated Agreement of the Parties" signed by Gloria Beamon and Barbara Dixon on 4/21/98 by which they agreed that judgment for possession of the subject property may enter in favor of Beamon [then owner of 401 Sherman Avenue] with a final stay of execution through April CT Page 15797 30, 1989. (Return of Record, Exhibit L.4).
• an MLS [multiple listing service] printout describing the subject property as "PERFECT INVESTMENT PROPERTY CAFÉ, SIX APT. BEAUTY SALON BOTH BUSINESS ARE BRINGING IN INCOME. 2 APTS. ARE RENTED. SELLER WILL CONSIDER ALL REASONABLE OFFERS." The listing date is 02/23/99. (Return of Record, Exhibit L.5).
• a sworn statement by Amos Beamon, "Agent for Landlord", stating "I am the agent of the landlord for the premises known as 401 Sherman Avenue, New Haven, Connecticut. The business known as Park Haven Cafe leased the premises on a month to month basis until May, 1999." (Return of Record, Exhibit L.6).
• a copy of a certificate of use and occupancy for the subject premises dated September 6, 1976, which included the comment "approved for occupancy Bar room and six dwelling units." (Return of Record, Exhibit L.7).
• a copy of a "Real Estate Purchase and Sale Agreement" signed by the plaintiff Austin and Gloria Beamon in June, 1999 pursuant to which the plaintiff was to purchase the subject property. (Return of Record, Exhibit L. 8).
• a copy of a deed dated 12/4/99 recording the sale of the subject property by Sarah Burke, LLC to the plaintiff Austin. (Return of Record, Exhibit L.9).
In addition, the plaintiff's legal representatives and Mr. Cimino, a real estate agent, testified in support of the plaintiff. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, Feinson v. ConservationCommission, 180 Conn. 421, 425 (citations omitted).
The Court finds the plaintiff failed to establish the use at issue was discontinued for a period of less than nine consecutive months and failed to overcome the prima facie evidence of intent to abandon.
As indicated, supra, there was substantial evidence in the record to support the conclusion that the use at issue was discontinued on or about December 31, 1998. There was substantial evidence in the record to CT Page 15798 support the conclusion that the said discontinuance lasted in excess of nine consecutive months from December 31, 1998. Pursuant to Ordinance, Section 67.C.6.(b)(3) prima facie evidence of intent to abandon the said use was, accordingly, established.
The plaintiff failed to meet his burden of persuading the Board that evidence of intent of the owner to maintain the discontinued use overcame the prima facie evidence of abandonment of the use. None of the plaintiffs evidence, taken singly or in combination, required the Board to find intent not to abandon the use. The Board properly concluded that the Dixon liquor permit (issued in August, 1998) did not establish intent, on December 31, 1998, to maintain a use discontinued on the latter date. Further, it is the owner's intent, not a permitee's intent, which is pertinent here. Similarly, a housing court stipulated agreement entered into in April, 1998, does not establish an intent by the owner, on or after December 31, 1998, to maintain a use discontinued on that latter date. Further, the said agreement relates to rental of property and is silent as to use. Assuming, arguendo, that the MLS listing reference evidenced an intent by the then owner to reestablish the use, its date, 2/23/99, does not reduce the period of discontinuance to less than nine consecutive months. The purchase and sale agreement, never implemented, between Gloria Beamon and the plaintiff, makes no reference to the use at issue and sheds no light on the owner's intent. Similarly, the deed reflecting the sale of the subject property by Sarah Burke, LLC makes no reference to the use at issue. Finally, the affidavit of Amos Beamon does not establish intent of the owner to maintain or re-establish the use at issue.
The plaintiff claims that the defendant Board focused on discontinuance and never addressed intent. This is not so. The Board found that the use at issue had been not only discontinued but abandoned and abandonment, as defined by the Ordinance, encompasses intent not to re-establish the use.
 V
The plaintiff has failed to establish his claim that the defendant Board, in upholding the determination of the zoning enforcement officer that the nonconforming use at issue was abandoned, acted illegally, arbitrarily or in abuse of discretion. The plaintiff's appeal is, accordingly, dismissed, and judgment may enter in favor City of New Haven Board of Zoning Appeals.
By the court,
Downey, J. CT Page 15799