[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joseph Kelley, appeals a decision of the defendant, the Zoning Board of Appeals of the City of Norwalk (ZBA), which upheld the findings of the zoning enforcement officer following a public hearing held pursuant to § 8-7d of the General Statutes. Also named as defendants are Friedrich Wilms, Secretary, Anne Griesmer, Chairperson, Mary O. Keegan, member, and K.C. Senie, member, Norwalk Zoning Board of Appeals. The zoning enforcement officer acted pursuant to § 8-3 of the General Statutes in finding that the plaintiff violated sections 118-522 and 118-1420D, E F of the City of Norwalk Zone Regulations. General Statutes § 8-8(b) provides the authority CT Page 1623 for the plaintiff's appeal.
The plaintiff owns an apartment building at 230 Main Avenue, Norwalk, Connecticut, which contains six units. (Return of Record (ROR), Item 4.) On August 27, 1997, the zoning enforcement officer found violations of Norwalk Zone Regulations, sections 118-522 and 118-1420D, E G, at 230 Main Avenue. (Complaint, ¶ 14; Answer, ¶ 3.) The building contains six apartments when the only permit for interior renovations, from 1976, was issued for a building with three residential units. (ROR, Item 5.) Under the Norwalk zoning provisions, any plan to make improvements or alterations to an existing structure requires submission of detailed plans to the zoning inspector, prior written approval by the zoning inspector and a certificate of zoning compliance from the zoning inspector. Norwalk Zoning Regs., § 118-1420D, E G.[1] Furthermore, section 118-522C(1)[2] requires "one thousand six hundred fifty square feet of lot area per dwelling unit," which makes the plaintiff's building large enough for only five legal apartments.
During the two years prior to the zoning enforcement officer's determination of zoning violations at 230 Main Avenue, the plaintiff received several correspondences from the deputy zoning inspector concerning the illegal six-family use, stemming from a complaint submitted by the fire marshall on March 1, 1995. (ROR, Item 5.) Included were two violation notices, dated May 23, 1995 and January 21, 1997. (ROR, Item 5.)
The public hearing was held on November 20, 1997 before the ZBA, where the plaintiff argued for the reversal of the "deputy zoning inspector's finding that six-family use of premises does not have legal nonconforming status." (ROR, Item 2.) The plaintiff contended that under General Statutes § 8-13a, the six-unit building was a legal nonconforming building, existing prior to the zoning provisions and in violation of the regulations for more than three years after the town commenced an action. (ROR, Item 5.) In the alternative, the plaintiff asserts that pursuant to General Statutes § 8-2, the three additional apartments were a nonconforming use in existence before the institution of the applicable zoning regulations. (ROR, Item 5.) The plaintiff maintains that the 1972 field cards from the tax assessor's office showed six units and the 1972 permits for additional fixtures called for six kitchens, six bathtubs, six sinks, six toilets and six dishwashers — one of each for each apartment. (ROR, Item 5.) CT Page 1624
By unanimous decision on November 20, 1997, the ZBA denied the plaintiff's appeal, upholding the deputy zoning inspector's finding that the six-unit building at 230 Main Avenue was not a legal nonconforming use. The transcript of the public hearing indicates that the ZBA refused to consider plaintiff's §8-13a argument, which was the first ground of the appeal. The four member board determined that the plaintiff failed to present sufficient evidence to show that the property deserved legal nonconforming status. (ROR, Item 4.) The board members commented that the tax assessor cards and the permits for quantities of six fixtures did not establish use for six families. (ROR, Item 4.)
The plaintiff challenges the decision of the ZBA on four grounds. The first ground is that the ZBA erred in not applying General Statutes § 8-13a. In support, he argues that the structure at 230 Main Avenue became a legal nonconforming building when the town zoning commission failed to take any action to force compliance within three years from the start of the violation. The plaintiff's next ground is that pursuant to General Statutes § 8-2, the ZBA should have found a valid nonconforming use. He contends that the building had six units since at least 1972, prior to the applicable zoning regulation. He claims a bizarre and unintended result would occur with his property in that the building would be protected under §8-13a, but it cannot be legally used under § 8-2. The third ground for the plaintiff's appeal is that the ZBA incorrectly concluded that no permits were obtained for the alterations of the apartment building. On the last ground, the plaintiff states that the ZBA had no evidence to find that the he violated the zoning regulations and maintains that he would suffer great hardship if he lost three units.
At the administrative appeal hearing, the court found aggrievement.
General Statutes § 8-13a(a) provides: "When a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes the location of such a building in relation to the boundaries of the lot or when a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum area of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to CT Page 1625 such boundaries or to the area of such lot, as the case may be." General Statutes § 8-2 provides in relevant part: "Such [zoning] regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations." While § 8-13a addresses nonconforming buildings only and has a three year statute of limitations, § 8-2 protects both nonconforming uses and buildings.
"A nonconformity is a use or structure prohibited by the zoning regulations but is permitted because of its existence at the time that the regulations are adopted." Adolphson v. ZoningBoard of Appeals, 205 Conn. 703, 710, 535 A.2d 799 (1988). "A non-conforming use is merely an `existing use' the continuance of which is authorized by the zoning regulations. . . . Such a use is permitted because its existence predates the adoption of the zoning regulations." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785,789, 639 A.2d 519 (1994); see also 1 R. Anderson, American Law of Zoning (3d Ed. 1986) § 6.01, pp. 446-48 ("[i]t is recognized that the distinction between a nonconforming building or structure and a nonconforming use of land is genuine and may be critical"). "The plaintiff bears the burden of proving the existence of a nonconforming use." Francini v. Zoning Board ofAppeals, supra, 228 Conn. 789.
"The court notes that zoning violations are generally of two distinct types. The first type concerns what is often referred to as bulk requirements. A bulk requirement is violated when the building is too large, or too high, or too close to a sideline, or encroaching on a setback. The second type of zoning violation concerns a use which is not permitted. This violation occurs when a commercial use is being conducted in a residential zone or a manufacturing use is being conducted in a commercial zone."Blouin v. Madison Zoning Board of Appeals, Superior Court, judicial district of New Haven, Docket No. 345497 (March 1, 1995,Booth, J.). A nonconforming building violates a bulk requirement, but remains legal pursuant to § 8-13a.
A 1994 Superior Court decision held that "8-13a applies to violations of zoning regulations pertaining to height restrictions as well as to setback requirements of a building on a lot and to lot sizes," and therefore a second floor addition to a little league shed violated the applicable zoning regulations.Adamski v. Bristol Zoning Board of Appeals, Superior Court, CT Page 1626 judicial district of Hartford/New Britain at New Britain, Docket No. 456996 (September 9, 1994, Goldberg, J.). In another zoning appeal, the court concluded that a "four stall horse barn on lot 13 . . . violated the setback provisions of Newtown" when the adjoining lot was sold, thereby making it a nonconforming building. Curran v. ZBA of the Town of Newtown, Superior Court, judicial district of Danbury, Docket No. 317566 (May 17, 1995,Moraghan, J.). In the present case, however, the increase in the number of apartments in the plaintiff's building constitutes a nonconforming use, not a nonconforming building, because the improvements do not affect the building's location on the parcel of land or the size of the lot.
Pursuant to General Statutes § 8-13a, a building can become legally nonconforming if it "has been situated for three years without the institution of an action to enforce such regulation."
In a 1996 Superior Court decision, the court considered buildings nonconforming "where they exist over the setback line for over three years." Hi-way Realty v. New Milford ZoningCommission, Superior Court, judicial district of Litchfield, Docket No. 071054 (Oct. 15, 1996, Pickett, J.). Five years earlier, the lower court observed that "where the location of a building violates setback requirements for a period of three years, it becomes a legal nonconforming building. No such protection is given to illegal uses." Peters v. Zoning Board ofAppeals, Groton, Superior Court, judicial district of New London at Norwich, Docket No. 094941 (March 13, 1991, Austin, J.). There is no notice requirement because the "legislative history of this statute reveals that the legislature's stated intent was to have the statutory period run from the time the nonconformity came into existence as opposed to when the [Zoning Enforcement Officer] became aware of the nonconformance." Curran v. ZBA ofthe Town of Newtown, supra,; Superior Court, Docket No. 317566.
"The purpose of [§ 8-13a] is to give non-conforming use status to buildings that have existed on a site for three years or more which are in violation of a zoning regulation as it relates to its location on the site with relation to boundaries or minimum lot size. It does not relate to the use which any building might be put to." Oczkowski v. Oxford Zoning Board ofAppeals, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044041 (May 3, 1995, Curran, J.). Accordingly, in that case the addition of an in-law apartment CT Page 1627 above the garage constituted an illegal nonconforming use, similar to the current case where there existed three more residential units than the building's certificate of occupancy showed. Id. See also Petruzzi v. Zoning Board of Appeals,176 Conn. 479, 481 (1979) (a building declared nonconforming under § 8-13a may still "change from one permitted use to another permitted use" under § 8-2); Mulholland v. Fortunata, Superior Court, judicial district of New London, Docket No. 527827 (March 3, 1994, Austin, J.) ("8-13a applies to the residence itself and not the use of it as a two-family dwelling").
"For a use to be nonconforming under . . . Connecticut case law, that use must possess two characteristics. First, it must be lawful; and second, it must be in existence at the time that the zoning regulation making the use nonconforming was enacted.Helicopter Associates. Inc. v. Stamford, 201 Conn. 700, 712,519 A.2d 49 (1986). In the present case, the return of record is silent as to when the building first contained six apartments. There is no proof provided as to if or when official permission was given to make alterations of the building such as a work permit or certificate of zoning compliance. While it is arguable that the building was large enough to contain six legal units in compliance with the zoning requirements at the time, the plaintiff has failed to establish that the building had six units at the time the current zoning provisions were enacted, thereby qualifying it as a nonconforming use.
As to grounds three and four, the court will uphold the findings of the ZBA that there were no permits issued for the building improvements and the plaintiff will not suffer hardship as a result of the loss of this appeal.
The plaintiff failed to overcome his burden of proving that the ZBA's decision to uphold the actions of the zoning enforcement officer was erroneous, and therefore the appeal is dismissed.
_________________ DEAN, J.