[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL
The plaintiff, the Fort Trumbull Conservancy, LLC (conservancy), appeals from the decision of the defendant, the New London planning 
zoning commission (commission), approving the application submitted by CJ Fort Trumbull Hotel, LLC (applicant). The conservancy brings this appeal pursuant to General Statutes §§ 8-8, 22a-19 and 22a-20.
 BACKGROUND
The record reveals the following facts. On September 19, 2002, the applicant submitted an application for special use permits, site plan approval and coastal site plan review for the property known as the Fort Trumbull area. (Return of Record [ROR], Exhibit 1.) The application proposed to construct a five-story, 109-room hotel, conference center, restaurant, health club and fitness facilities (hotel project). (Id.) The hotel project is subject to the Fort Trumbull municipal development plan. (ROR, Exhibit 22.)
The commission held a public hearing on October 4, 2001, which was continued until November 1, 2001, and was concluded on November 8, 2001. (ROR, Exhibits K, GG, OO.) At the public hearing dated October 4, 2001, the conservancy filed a notice of intervention to raise environmental concerns pursuant to General Statutes §§ 22a-19 and 22a-20. (ROR, Exhibit M.) On November 29, 2001, the commission approved the application with conditions. (ROR, Exhibit VV.) In support of its decision, the commission made the following findings: (1) the proposed hotel project is consistent with the applicable goals and policies contained within General Statutes § 22a-92 and includes all reasonable measures to mitigate any adverse impact on both the coastal resources and future water-dependent activities; (2) the proposal is consistent with the Coastal Management Act; (3) the proposal is consistent with the special CT Page 2496 permit objectives and site plan objectives found in the municipality's regulations; (4) the proposal complies with the New London flood plain management ordinance and the requirements of the Federal Emergency Management Agency; (5) the proposal is consistent with the goals and objectives of the New London plan of conservation and development; and (6) the proposal is not likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water, or other natural resources of the state. (ROR, Exhibit VV.)
The decision was published in The Day on December 3, 2001. (ROR, Exhibit DDD.) The conservancy, thereafter, filed the present appeal alleging that the commission's decision is not supported by substantial evidence in the record.
 JURISDICTION
Appeals to the Superior Court from a planning and zoning commission decision are governed by General Statute § 8-8. "There is no absolute right of appeal to the courts from a decision of an administrative agency . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . Appellate jurisdiction is derived from the statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed." (Citations omitted; internal quotation marks omitted.) Brookridge District Assn. v. Planning Zoning Commission, 259 Conn. 607, 611-12, 793 A.2d 215 (2002).
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). "Section 22a-19 (a) allows any person, partnership, corporation, association, organization or other legal entity to intervene as a party in any administrative, licensing or other proceeding, and in any judicial review thereof that involves conduct which has, or is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." (Internal quotation marks omitted.) Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 715, 563 A.2d 1339 (1989). "An intervening party under 22a-19 (a), however, may raise only environmental issues." Id. The conservancy filed a notice of intervention at the public hearing on October 4, 2001. (ROR, Exhibit M.) The court, therefore, finds that the conservancy has standing to challenge the commission's decision with respect to environmental issues only. CT Page 2497
 Timeliness and Service of Process
An "appeal shall be commenced by service of process in accordance with subsections (e) and (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes § 8-8
(b). Subsection (e), now subsection (f), further provides that "[s]ervice of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e).
The record contains an affidavit of publication, attesting that notice of the commission's decision was published on December 3, 2001, in TheDay newspaper. (ROR, Exhibit DDD.) On December 17, 2001, this appeal was commenced by service of process upon the chairmen of the commission and the New London city clerk. Accordingly, the court finds that this appeal was commenced timely by service of process upon the proper parties.
 SCOPE OF REVIEW
"Courts are not to substitute their judgment for that of the [commission] . . . and decisions of local [commissions] will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206,658 A.2d 559 (1995). "The Superior Court's scope of review is limited to determining only whether the [commission's] actions were unreasonable, arbitrary or illegal." RR Pool Patio, Inc. v. Zoning Board ofAppeals, 257 Conn. 456, 470, 778 A.2d 61 (2001). "The burden of proof to demonstrate that the [commission] acted improperly is upon the party seeking to overturn the [commission's] decision." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785, 791,639 A.2d 519 (1994).
"When a zoning agency has stated its reasons for its actions, a court should not reach beyond those stated purposes to search the record for other reasons supporting the commission's decision . . . Rather, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. (Citation omitted; internal quotation marks omitted.) HarrisCT Page 2498v. Zoning Commission, 259 Conn. 402, 420, 788 A.2d 1239 (2002). "The [decision] must be sustained if even one of the stated reasons is sufficient to support it . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." (Internal quotation marks omitted.) Bloom v. Zoning Board ofAppeals, supra, 233 Conn. 208.
 DISCUSSION
The conservancy appeals from the commission's decision to approve the applicant's site plan and special permit application. The conservancy raised many issues in its complaint which it failed to brief and are therefore deemed abandoned. See Commission on Human Rights Opportunities v. Truelove Maclean, Inc., 238 Conn. 337, 344 n. 11,680 A.2d 1261 (1996) (stating that "[w]here an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived"). Furthermore, the court is limited to reviewing only the environmental arguments raised by the conservancy in its brief. General Statutes § 22a-19. Examples of environmental issues include the proposed subdivision of a wooded area found to be the habitat for trees and wildlife[1] and the destruction of an alleged historic structure or landmark.[2] The conservancy's brief, for the most part, concerns non-environmental issues which include: (1) the commissioners and city planner are lay persons unqualified to make environmental impact determinations; (2) the application is inconsistent with the New London plan of conservation and development and the Connecticut plan of conservation and development; (3) the commissioners failed to read all of the evidence in the record; (4) the application was untimely and illegal; (5) the application was improper because it was not submitted as an entire project; and (6) the project involves too many non-water dependent uses. The conservancy fails to allege how these grievances have a detrimental impact on the public's trust in the air, water or other natural resources of the state. "[Section] 22a-19 grants standing to intervenors to raise only those environmental concerns that are within the jurisdiction of the particular administrative agency conducting the proceeding into which the party seeks to intervene."Nizzardo v. State Traffic Commission, 259 Conn. 131, 148, 788 A.2d 1158
(2002). The court will, therefore, only address the conservancy's allegations pertaining to General Statutes § 22a-19.
The issue before the court is whether the commission properly found that the proposed hotel project did not violate § 22a-19. The conservancy argues that the commission failed to consider alternatives after the presentation of evidence that a non-trivial degree of harm to the environment did in fact exist. In support of this claimed error, the CT Page 2499 conservancy contends that it has met its burden of production under § 22a-19 (a) and, accordingly, the commission was obligated to consider reasonable and prudent alternatives pursuant to § 22a-19
(b). The conservancy asserts that because the commission did not consider possible alternatives to the proposal, the hotel project application was improperly approved by the commission.
As a result of the conservancy's intervention under § 22a-19 (a), the commission was required "to consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resource of the state and no conduct shall be authorized or approved which does, or is reasonably likely to, have such effect so long as, considering all relevant surrounding circumstances and factors, there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare." General Statutes § 22a-19 (b); Red Hill Coalition, Inc. v. Town Plan Zoning Commission, 212 Conn. 727, 735, 563 A.2d 1347 (1989). The commission may, however, find that the proposed activity pollutes the environment, but that this pollution is not unreasonable. ManchesterEnvironmental Coalition v. Stockton, 184 Conn. 51, 59-60, 441 A.2d 68
(1981). The question of reasonableness is one of fact, and where the record supports the commission's conclusion that the proposed hotel project does not violate § 22a-19 (b), the court must sustain the conclusion. Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483,502-03, 400 A.2d 726 (1978). "By its plain terms, General Statutes §22a-19 (b) requires the consideration of alternative plans only where the commission first determines that it is reasonably likely that the project would cause unreasonable pollution, impairment or destruction of thepublic trust in the natural resource at issue." (Emphasis in original; internal quotation marks omitted.) Paige v. Town Plan ZoningCommission, supra, 235 Conn. 462-63.
The record supports the commission's finding that the proposed hotel project does not create a possibility of unreasonable harm to the environment. The conservancy submitted evidence in support of the intervention including extensive testimony and bountiful exhibits. (ROR, Exhibits GG, OO, 40, 42, 44, 45, 47-51.) The commission, however, decided otherwise. Evidence supporting the commission's decision include the Connecticut department of environmental protection's support of the hotel project (ROR, Exhibits 36, LL); the hotel project's consistency with the Fort Trumbull municipal development plan (ROR, Exhibit 22); and the testimony presented by David Dickson, senior project manager, and James MacBroom, water resource and environmental engineer, as to the possible environmental impact and remedial measures taken in connection with the hotel project (ROR, Exhibits 18, 29, 30, K, GG). The court finds that the CT Page 2500 record supports the commission's decision. It is within the commission's discretion to weigh the credibility of witnesses. Pelliccione v. Planning Zoning Commission, 64 Conn. App. 320, 331, 780 A.2d 185, cert. denied, 258 Conn. 915, 782 A.2d 1245 (2001). The commission could reasonably conclude, based upon the record, that there was no evidence indicating that the proposed hotel project would unreasonably harm the environment. Accordingly, the commission did not have to consider alternatives pursuant to § 22a-19 (b), and the court declines to sustain the conservancy's appeal upon this basis.
 CONCLUSION
Based upon the foregoing reasons, the conservancy's appeal is dismissed.
 D. Michael Hurley Judge Trial Referee